Filed 3/3/23  P. v. Swaving CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061557 |
| v. | (Super. Ct. No. C-55809) |
| HANS JACQUEHENRI SWAVING, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Affirmed.

Victoria H. Stafford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Hans Jacquehenri Swaving on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel did not provide the court with information as to any issues that might arguably support an appeal. Counsel only asked this court to conduct an independent review of the record pursuant to *Wende, supra,* 25 Cal.3d 436. We gave Swaving 30 days to file written argument on his own behalf, and he did not.

In *People v. Delgadillo* (2022) 14 Cal.5th 216, our Supreme Court held the procedures in *Wende* and *Anders* do not apply to appeals from the denial of postconviction relief under Penal Code section 1172.6.[1] The court instructed that on appeal from an order denying section 1172.6 relief, a counsel who finds no arguable issue should file a brief informing the appellate court of that determination and include a concise factual recitation. (*Id.* at p. 231.) The appellate court shall send a copy of the brief to the defendant informing the defendant of the right to file a supplemental brief and

---

[1] Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. All further statutory references are to the Penal Code.

that if one is not filed within 30 days, the court may dismiss the matter. (*Id*. at pp. 231-232.) If a supplemental brief is filed, we must evaluate the contentions in it. (*Id*. at p. 232.) If a supplemental brief is not filed, we may dismiss the appeal as abandoned without a written opinion. (*Ibid*.) However, we retain discretion to independently review the record. (*Ibid*.) Because *Delgadillo* was decided after the *Wende* brief in this case was filed, we exercise our discretion to independently review the record.

We have independently reviewed the record in accordance with our obligations under *Anders* and *Kelly*. We found no arguable issues on appeal. We affirm the postjudgment order.

FACTS

"In 1987, a jury convicted Swaving of first degree murder with special circumstance findings he committed the murder during the commission of a burglary and a robbery and used a firearm. (*People v. Swaving* (June 30, 1989, G005901) [nonpub. opn.] (*Swaving*).) The jury also convicted him of two counts of attempted murder, second degree burglary, and robbery with firearm use. The trial court sentenced Swaving to a term of life without parole and concurrent sentences on the remaining counts.

"As relevant here, the trial court instructed the jury as follows: 'A special circumstance must be proved beyond a reasonable doubt. [¶] If you have a reasonable doubt as to whether a special circumstance is true, it is your duty to find that it is not true. [¶] If . . . Swaving, was an [aider and abettor] but not the actual killer, it must be proved beyond a reasonable doubt that he intended to aid in the killing of a human being before you are permitted to find the alleged special circumstance of that first degree murder to be true as to . . . Swaving.'

"We affirmed Swaving's conviction. (*Swaving, supra,* G005901.) Admitting the issue was close, the majority found substantial evidence supported the jury's conclusion Swaving intended to kill. The majority indicated the decision turned on

3

the evidence of Swaving's conduct immediately after the killing and his later violent actions toward the police.  Justice Edward J. Wallin filed a concurring and dissenting opinion in which he strongly disagreed with the majority's conclusion there was substantial evidence of intent to kill to support the special circumstance findings.  He indicated the majority's assertion that Swaving's post-shooting behavior established his intent that the victim die belied logic.

"In 2019, Swaving in propria persona filed a petition for resentencing [on his murder conviction] pursuant to . . . section 1170.95.  The trial court appointed counsel to represent Swaving.  The prosecution filed responses to the petition.

"At a hearing, Swaving's counsel submitted the matter based on the trial court's tentative ruling.  Following the hearing, the court denied the petition.  The court found Swaving ineligible for relief on the ground the jury found he had the intent to kill, which at the time was a required element of the special circumstance findings.  Swaving timely appealed.

"In his supplemental brief [in his prior appeal], Swaving insist[ed] he did not have an intent to kill.  He indicat[ed] he was using methamphetamines at the time of the crime and has since been diagnosed with bipolar disorder.  He ask[ed] for 'a second chance' citing how his behavior improved during his incarceration." (*People v. Swaving* (Dec. 20, 2021, G060316) [nonpub. opn.].)  We found no arguable issues and agreed with the trial court's finding Swaving was ineligible for relief.  (*Ibid.*)

On March 21, 2022, Swaving in propria persona filed another petition for resentencing on his murder conviction pursuant to section 1172.6 seeking relief from his murder conviction in count 3 *and* the attempted murder convictions in counts 4 and 5.  Swaving declared, in part, that he could not be presently convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.  (§ 1172.6, subd. (a)(3).)

4

In an oral and written decision, the trial court denied the petition because Swaving did not make a prima facie showing he was entitled to relief. With respect to the murder conviction, the court opined the jury was instructed on only two theories of guilt, murder with express malice and direct aiding and abetting of that murder and the jury could not have convicted Swaving on any other theory. The court stated that on the attempted murder convictions, the jury was instructed in direct aiding and abetting and attempted murder. It was also given a special instruction stating the following: "'Specific intent to kill is a necessary element of attempted murder; it must be proved, and it cannot be inferred merely from the commission of another dangerous crime.'" Swaving filed a timely notice of appeal.

DISCUSSION

Section 1172.6, subdivision (a), allows "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory [to] file a petition" to seek to have that "murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts" if certain conditions are met. The statute did not change or alter the law regarding the criminal liability of direct aiders and abettors of murder because such persons necessarily "know and share the murderous intent of the actual perpetrator." (*People v. McCoy* (2001) 25 Cal.4th 1111, 1118; see *People v. Chiu* (2014) 59 Cal.4th 155, 167 [direct aider and abettor "acts with the mens rea required for first degree murder"], superseded by statute in part as stated in *People v. Gentile* (2020) 10 Cal.5th 830, 849.) One who directly aids and abets another who commits murder is thus liable for murder under the new law just as he or she was liable under the old law.

The trial court found Swaving ineligible as a matter of law on the murder conviction based on the record of conviction. The record clearly demonstrates Swaving was convicted of murder under either a theory of murder with express malice or direct

5

aiding and abetting of that murder.  The jury was only instructed with these two theories of guilt.  Both theories are still viable under current law.

With respect to the attempted murder convictions, as the trial court noted, the jury was instructed in direct aiding and abetting and attempted murder. The jury was also given a special instruction stating the following:  "'Specific intent to kill is a necessary element of attempted murder; it must be proved, and it cannot be inferred merely from the commission of another dangerous crime.'"  Again, a person convicted as a direct aider and abettor is not eligible for resentencing.  Nor is a person who had the specific intent to kill.  We agree with the trial court's findings Swaving was ineligible for relief.

We have reviewed the record pursuant to *Wende, supra*, 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738, and found no arguable issues on appeal.

### DISPOSITION

The postjudgment order is affirmed.



O'LEARY, P. J.

WE CONCUR:


GOETHALS, J.


SANCHEZ, J.

6